UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

LUCAS BAILLARGEON,

    Plaintiff,

v.                                    CASE NO: 21-cv
                                        HON:

GRANT HUBER, ADAM KEASLER,
JOSEPH READ, AND AARON DAMSTRA
In their individual and official capacities.

    Defendants,

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **LUCAS BAILLARGEON,** by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1

1. Plaintiff is a resident of the City of Sparta, County of Kent, State of Michigan.

2. Defendant GRANT HUBER is and/or was a State Trooper employed by the Michigan State Police Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

3. Defendant ADAM KEASLER is and/or was a State Trooper employed by the Michigan State Police Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

4. Defendant JOSEPH READ is and/or was a State Trooper employed by the Michigan State Police Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

5. Defendant AARON DAMSTRA is and/or was a State Trooper employed by the Michigan State Police Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

6. All relevant events giving rise to this lawsuit occurred in the City of Sparta, County of Kent, State of Michigan.

7. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1963. Plaintiff also has viable state law claims.

8. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

9. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

10. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

11. On April 26, 2020, Defendants Huber, Keasler, Read and Damstra arrived to Plaintiff's residence to investigate an individual who allegedly fled from Defendant Huber on a motorcycle earlier in the day.

12. On this date, Plaintiff awoke from a nap to Defendants arriving in the driveway of his residence and he proceeded to open the door of his home to greet Defendants on his porch.

13. That Defendant HUBER immediately grabbed Plaintiff's arm yanked Plaintiff by his arm and began cursing at him.

14. That Defendants proceeded to enter Plaintiff's residence without his permission.

15. That while Defendants were unlawfully inside of Plaintiff's home, Defendants used excessive force and/or unreasonable force while arresting Plaintiff.

16. That Defendants READ, KEASLER, and HUBER tackled Plaintiff inside of his residence.

17. That while Plaintiff was handcuffed, Defendant HUBER knelt on Plaintiff's neck, while Defendant KEASLER forced Plaintiff's head into the ground with all of his weight.

18. That Plaintiff was stood up by his handcuffs, placed in Defendant DAMSTRA's vehicle and booked in Kent County Jail for Resisting and Obstructing an officer.

19. That the following day, all charges against Plaintiff were dropped and he was released from his incarceration.

20. As a result of Defendants' unreasonable and/or unlawful and/or excessive actions and/or inactions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983

21. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

22. At all relevant times herein, the individual Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

23. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

24. At all material times, Defendants acted under color of low and unreasonably when they violated Plaintiff's Fourth Amendment Rights when they used excessive force in the arrest of Plaintiff.

25. At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights when they falsely arrested and falsely detained Plaintiff without probable cause.

26. Defendants acted unreasonably and failed in their duties when they falsely arrested/detained/seized Plaintiff without considering the totality of the circumstances.

27. The actions of Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

28. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

29. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his constitutional rights.

30. Due to Defendants' actions and/or inactions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
THOMAS P. KERR (P84864)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
amy.derouin@cjtrainor.com

Dated: October 13, 2021
CJT/tpk

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

LUCAS BAILLARGEON,

    Plaintiff,

v.                                          CASE NO: 21-cv
                                                HON:

GRANT HUBER, ADAM KEASLER,
JOSEPH READ, AND AARON DAMSTRA
In their individual and official capacities.

    Defendants,

| |  |
|---|---|
| <u>CHRISTOPHER TRAINOR & ASSOCIATES</u><br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |

## **COMPLAINT AND JURY DEMAND**

8

**NOW COMES** Plaintiff, **LUCAS BAILLARGEON,** by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a demand for trial by jury in the above-entitled cause.

                                              Respectfully Submitted,
                                              CHRISTOPHER TRAINOR & ASSOCIATES

                                              **<u>s/ Christopher J. Trainor</u>**
                                              CHRISTOPHER J. TRAINOR (P42449)
                                              AMY J. DEROUIN (P70514)
                                              THOMAS P. KERR (P84864)
                                              Attorneys for Plaintiff
                                              9750 Highland Road
                                              White Lake, MI  48386
Dated: October 13, 2021         (248) 886-8650
CJT/tpk                                       amy.derouin@cjtrainor.com